# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRANDON FLOYD,**

    **Petitioner,**

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

    **Respondent.**

CASE NO. 2:08-cv-00704
JUDGE HOLSCHUH
MAGISTRATE JUDGE KEMP

## ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. For the reasons that follow, respondent is **DIRECTED** to supplement the record with a copy of the transcript of petitioner's guilty plea and sentencing, as well as argument regarding the merits of petitioner's claim within thirty (30) days.

Petitioner's request to preserve a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), "for a later date," *see Traverse*, is **DENIED**.

Petitioner's convictions are the result of his negotiated July 19, 2007, guilty plea in the Meigs County Court of Common Pleas on charges of receiving stolen property, in violation of O.R.C. §2911.13, possessing criminal tools, in violation of O.R.C. §2923.24, two counts of safecracking, in violation of O.R.C. §2911.21, vandalism, in violation of O.R.C. §2909.05, and two counts of breaking and entering, in violation of §2911.13. The trial court sentenced petitioner to an aggregate term of eight years. *Exhibits 4 and 5 to Return of Writ.* Petitioner did not timely appeal. On December 19, 2007, he filed a notice of appeal and

motion for delayed appeal. *Exhibits 6 and 7 to Return of Writ*. On January 8, 2008, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 9 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 10 to Return of Writ*. He asserted the following propositions of law:

> 1. A defendant is entitled to the effective assistance of counsel throughout the prosecutorial process.
>
> 2. A defendant is entitled to immediate release where supporting allegations, "complaints" lack a showing of being filed with the clerk of courts.
>
> 3. A defendant is entitled to have one conviction for multiple offenses where it excludes the same course of conduct, same animus.

*Exhibit 11 to Return of Writ*. On June 4, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 15 to Return of Writ*.

On July 21, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He raises the following sole ground for relief:

> Ineffective assistance of counsel.
>
> Counsel gave incorrect and erroneous legal advice to petitioner by coercion. Petitioner to plead guilty to a 8 year prison term, when petitioner could have only received 5 ½ of incarceration given the allied offense of similar import statute; counsel did not investigate the state's case prior to the guilty pleas. [I]f he would have, there is a reasonable probability a different outcome exist[s] because the state was relying on unfiled documents in support of their claim against petitioner.

It is the position of the respondent that petitioner's claim is unexhausted because

2

petitioner's claim relies on matters not readily apparent from the face of the record that properly would be raised in post conviction proceedings, and although the time period now has long since expired for filing such action, petitioner may still pursue a delayed post conviction petition pursuant to O.R.C. §2953.23, which provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of

> the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.
>
> As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code.
>
> (B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

However, the record fails to reflect that petitioner can meet this standard here. *Sneed v. Johnson*, 2007 WL 709778 *19 (N.D. Ohio March 2, 2007), citing *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001); *Buell v. Mitchell*, 271 F.3d 337, 349 (6th Cir. 2001)("[W]here the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim") Further, petitioner alleges his attorney improperly failed to request dismissal of the charges against him as improper under Ohio law because police failed to file the complaints against him with the clerk of court, and asserts that his attorney "gave incorrect and erroneous legal advice to petitioner by coercion," improperly failing to argue for consecutive terms of incarceration on offenses that were allied offenses of similar import. This latter claim constitutes an on-the-record claim. Moreover, a federal district court may dismiss unexhausted claims on the merits notwithstanding any failure to exhaust. *See* 28 U.S.C.

2254(a)(2)*); Turner v. Smith*, 2009 WL 799041 (S.D. Ohio March 23, 2009), citing *Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir. 1999); *Granberry v. Greer*, 481 U.S. 129, 131-32 (1987)(A federal habeas court may dismiss a claim on the merits notwithstanding petitioner's failure to exhaust the claim).

Therefore, respondent is **DIRECTED** to supplement the record with a copy of the transcript of petitioner's guilty plea and sentencing, as well as argument regarding the merits of petitioner's claims within thirty (30) days. Petitioner may file a supplemental traverse within fifteen days thereafter.

Petitioner's request to preserve a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), "for a later date," *see Traverse*, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Terence P. Kemp
United States Magistrate Judge