IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRANDON FLOYD,**

      **Petitioner,**

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

      **Respondent.**

CASE NO. 2:08-cv-00704
JUDGE HOLSCHUH
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ and supplemental response, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The facts and procedural history of this case are discussed in this Court's *Order*, November 23, 2009, Doc. No. 8, but are repeated here as follows: Petitioner's convictions are the result of his negotiated July 19, 2007, guilty plea in the Meigs County Court of Common Pleas on receiving stolen property, in violation of O.R.C. §2911.13, possessing criminal tools, in violation of O.R.C. §2923.24, two counts of safecracking, in violation of O.R.C. §2911.21, vandalism, in violation of O.R.C. §2909.05, and two counts of breaking and entering, in violation of §2911.13. The trial court sentenced petitioner to an aggregate term of eight years. *Exhibits 4 and 5 to Return of Writ.* Petitioner did not timely appeal. On

December 19, 2007, he filed a notice of appeal and motion for delayed appeal. *Exhibits 6 and 7 to Return of Writ*. On January 8, 2008, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 9 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 10 to Return of Writ*. He asserted the following propositions of law:

> 1. A defendant is entitled to the effective assistance of counsel throughout the prosecutorial process.
>
> 2. A defendant is entitled to immediate release where supporting allegations, "complaints" lack a showing of being filed with the clerk of courts.
>
> 3. A defendant is entitled to have one conviction for multiple offenses where it excludes the same course of conduct, same animus.

*Exhibit 11 to Return of Writ.* On June 4, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 15 to Return of Writ*.

On July 21, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He raises the following sole ground for relief:

> Ineffective assistance of counsel.
>
> Counsel gave incorrect and erroneous legal advice to petitioner by coercion. Petitioner to plead guilty to a 8 year prison term, when petitioner could have only received 5 ½ of incarceration given the allied offense of similar import statute; counsel did not investigate the state's case prior to the guilty pleas. [I]f he would have, there is a reasonable probability a different outcome exist[s] because the state was relying on unfiled documents in support of their claim against petitioner.

It is the position of the respondent that petitioner's claim is unexhausted and without

merit. *See Return of Writ, Supplemental Return of Writ*. For the reasons addressed in this Court's *Order*, November 23, 2009, this Court will consider petitioner's claims on the merits.

**MERITS**

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to his sentence and advised him to plead guilty to convictions that constituted allied offenses of similar import. Specifically, petitioner contends that his convictions on breaking and entering and safecracking constituted allied offenses of similar import. He also asserts that counsel was ineffective for failing to learn (as a result of failing to investigate) that the indictment was procured on the basis of complaints that were signed by a law enforcement officer but never properly filed with the clerk of the Court of Common Pleas.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson, supra*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59, (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. The second, or "prejudice" requirement on the other hand,

3

focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

Petitioner pleaded guilty to two counts of breaking and entering, as charged in counts eleven and fifteen of the indictment, and two counts of safecracking, as charged in counts twenty and seven of the indictment. *See Exhibits 1, 3 to Return of Writ*. Count eleven charged petitioner with the March 4, 2007, burglary of Slater's Welding. Count fifteen charged petitioner with the March 4, 2007, burglary of Herald Oil and Gas. *Exhibit 1 to Return of Writ.* Therefore, these charges involved separate structures and separate acts and did not constitute allied offenses of similar import. Likewise, count seven charged petitioner with safecracking on February 22, 2007. Count twenty charged petitioner with safecracking on March 4, 2007, at Whaley's. *See id.* Again, therefore, these charges involved different acts on different dates and did not constitute allied offenses of similar import. *See* O.R.C. 2941.25;[1] *State v. Cooper,* 104 Ohio St.3d 293, 296-97 (2004):

---

[1] O.R.C. §2941.25, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of

4

> [A] court need only engage in the allied-offense analysis when the same conduct, or single act, results in multiple convictions. We emphasized that point in *State v. Logan* (1979), 60 Ohio St.2d 126, 128, 14 O.O.3d 373, 397 N.E.2d 1345: "In addition to the requirement of similar import of the crimes committed, the defendant, in order to obtain the protection of R.C. 2941.25(A), *must show that the prosecution has relied upon the same conduct to support both offenses charged*." (Emphasis added.)

*Id.*

Petitioner also complains that his attorney failed to conduct an adequate investigation concerning how the indictment was obtained and thereby failed to object to the indictment as invalid. According to petitioner, the indictment was invalid because Sergeant William Gilkey did not testify before the grand jury and the prosecutor instead used Gilkey's "unfiled criminal complaints" to obtain indictment by the grand jury. This claim likewise plainly lacks merit.

Under Ohio law,

> In a felony prosecution, the complaint is the initial charging instrument by which the accused is informed of the offense with which he or she is being charged. Crim.R. 3 governs complaints in Ohio. It provides: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

---

dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

5

*State v. Patterson,* 1998 WL 310737 (Ohio App. 11th Dist. May 22, 1998). Copies of the complaints attached by petitioner in support of his claim were sworn to and subscribed before a notary public, and appear to have met the foregoing requirements. *See Exhibits to Traverse.* Further, petitioner subsequently was indicted by the grand jury. Nothing in the record supports his contention that Gilkey did not testify before the grand jury. In any event,

> [i]t has been repeatedly held in Ohio that, "[a]n accused in a felony case is not tried upon the affidavit filed against him but on the indictment by the grand jury." *State v. Thacker*, 4th Dist. No. 04CA5, 2004-Ohio-3978, ¶ 12, citing *Foston v. Maxwell* (1964), 177 Ohio St. 74, 76, 202 N.E.2d 425, 29 O.O.2d 194. Any alleged defects in the original charging complaint are consequently irrelevant to convictions based on the grand jury indictment. *Thacker, supra*, citing *State v. Martin*, 4th Dist. No. 01CA24, 2002-Ohio-6140, at ¶ 24; *State v. Jenkins*, 4th Dist. No. 02CA5, 2003-Ohio-1058, ¶ 24.

*State v. Christian*, 2005 WL 1152098 (Ohio App. 7th Dist. May 11, 2005).

Petitioner has referred to, and this Court is aware of, no Ohio cases to support his argument that the failure of police to file a complaint with the clerk invalidates subsequent indictment by the grand jury. *State v. Gipson*, 80 Ohio St.3d 626 (1998), referred to by petitioner, holds that a document that has to be filed with the court must be presented to the clerk for filing. However, it does not involve the scenario which is presented by this case. The Court's own research did not locate a single case from Ohio suggesting that documents used by a grand jury in deciding whether to return an indictment - whether those documents are criminal complaints or any other type of documents - have to be filed

6

with the clerk of the Common Pleas court before the grand jury may properly consider them. Therefore, even if counsel had investigated this issue and learned that these complaints, which were properly signed and sworn to, had been presented to the grand jury, it does not appear that counsel could have filed any type of motion which would have benefitted petitioner.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge